WRIGHT et al. v. GROUP OF INSTITU-
TIONAL INVESTORS et al. and nine
other cases.

Nos. 13367–13369, 13371–13373, 13376–13379.

Circuit Court of Appeals, Eighth Circuit.

Feb. 11, 1947.

Charles W. McConaughy, of New York City, for Group of Institutional Investors.

Adrian L. Foley, of New York City, for Alleghany Corporation.

Harry Kirshbaum, of New York City, for Holders of Convertible 5½% Bonds.

Kenneth McEwen, of New York City, for Edmund Wright and others.

William H. Biggs, of St. Louis, Mo., and Phillip Blumberg, of New York City, for Andrew W. Comstock and others, representing certain parties appellees and appellants, orally supporting Motion to Remand.

Before STONE and JOHNSEN, Circuit Judges.

PER CURIAM.

This matter comes before the Court upon a motion to remand to the District Court Appeals Nos. 13,367, 13,368, 13,369, 13,371, 13,372, and 13,373 for the purpose of holding a hearing and, if said District Court be so advised, for the purpose of vacating its order, Number 2604-B, approving a Plan of Reorganization herein and/or referring the proceedings back to the Interstate Commerce Commission for further action in accordance with Section 77 of the Bankruptcy Act, 11 U.S.C.A. § 205, and for related purposes, and for an order directing that the appeals in causes Nos. 13,376, 13,377, 13,378 and 13,379 shall be retained by this Court without prejudice to the rights of the appellants or appellees in said causes and disposed of in such manner as this Court shall deem proper; and for such other and further relief as may seem just and proper. Such motion being on behalf of appellants and appellees in the above entitled appeals as follows: Group of Institutional Investors holding First and Refunding Mortgage 5% Gold Bonds of Missouri Pacific Railroad Company, Bondholders Protective Committee, New Orleans, Texas & Mexico Railway Company First Mortgage, Alleghany Corporation, Bondholders Protective Committee, Missouri Pacific Railroad Company General Mortgage, Missouri Pacific Railroad Company, Debtor, Edmund Wright, et al., Constituting the Protective Committee for First Mortgage Bondholders of the International-Great Northern Railroad Company. Said motion is supported by the affidavit of Mr. Charles W. McConaughy attached thereto.

A matter, advanced orally, supporting the motion to remand is that the classes of creditors included in this plan of Reorganization are certain to reject the Plan when it may be submitted to them by the Commission. Therefore, it was argued, much

164

delay would be avoided by remanding these cases to the District Court now.

Of course, our action regarding a remand can hardly be based upon a prediction—although such may hereafter prove to be accurate. However, our concern over preventing all possible delay in these reorganization proceedings seems to justify the comment following.

Brooks v. St. Louis-San Francisco Ry. Co. et al., 8 Cir., 153 F.2d 312, was a case where the submission to interested classes of security holders took place while an appeal was pending from the order approving the Plan. The results of such submission were brought to the attention of this Court in connection with such appeal.

This Court stated (153 F.2d at page 318) as follows: "In a reply brief filed by the debtor subsequent to oral argument on leave of court, it is suggested that the decision of this case be held until it is determined whether there will be an order of confirmation brought to this court on appeal, and that such an appeal should be considered before we decide the issues in the present appeal. We can see no justification for further delay. We need not here anticipate what questions for review might be presented on such an appeal further than to observe that Section 77 provides that when a plan is approved by the Commission and the District Court, it shall then be submitted to the security holders whose interests are of value and are affected by the plan, and after vote by them it shall come again to the District Court to be confirmed. If the plan is accepted by more than two-thirds of those voting in each class to which submission is required, then the District Court, we think, will not again consider the merits of the plan. If the plan has been accepted and the acceptance has been properly obtained it will then be confirmed. In the instant case, the plan has already been accepted by more than two-thirds of those voting in each class to which submission was required. Certainly, in those circumstances there should be no further delay in this proceeding which has already been pending for more than twelve years."

If these appeals are to proceed in regular manner—as we think they should—no reason appears why the submission of this Plan by the Commission should not now be promptly made and the results thereof brought to the attention of this Court in a proper manner in connection with these appeals for whatever effect such results might legitimately have.

The petition of appellants for a rehearing is denied.