217 F.2d 308
 Stewart HUSTON and Bolton Sullivan, Independent Directors of the Missouri Pacific Railroad Company, Petitioners,
v.
Guy A. THOMPSON, Trustee of Missouri Pacific Railroad Company, Debtor, Respondent.
 No. 15223.
 United States Court of Appeals Eighth Circuit.
 December 10, 1954.
 
 Frederick M. Myers, Jr., Pittsfield, Mass., for petitioners.
 Russell L. Dearmont, St. Louis, Mo., for respondent.
 
 
 1
 Jacob Chasnoff, St. Louis, Mo., for Group of Institutional Investors holding First and Refunding Mortgage 5% Bonds of Missouri Pac. R. Co.
 
 
 2
 Alan S. Kuller, New York City, for Manufacturers Trust Co., as Corporate Trustee under First and Refunding Mortgage of Missouri Pac. R. Co.
 
 
 3
 Percival E. Jackson, New York City, filed brief on behalf of holders of First and Refunding Mortgage Bonds of Missouri Pac. R. Co.
 
 
 4
 Before GARDNER, Chief Judge, SANBORN, Circuit Judge, and NORDBYE, District Judge.
 
 
 5
 PER CURIAM.
 
 
 6
 This Court on November 29, 1954, upon motion of the petitioners, Stewart Huston and Bolton Sullivan, Independent Directors of the Missouri Pacific Railroad Company, directed the respondent, Guy A. Thompson, Trustee of the Missouri Pacific Railroad Company, Debtor, to show cause why Order No. 4410 entered November 5, 1954, by the United States District Court for the Eastern District of Missouri, In the Matter of Missouri Pacific Railroad Company, Debtor, Case No. 6935, should not be stayed pending the determination of the petitioners' appeal from the order. The respondent filed his return to the show cause order, and the issues were argued and submitted to this Court on December 6, 1954. At the hearing, counsel stated that it was agreeable to both sides to have the controversy finally determined upon the merits.
 
 
 7
 Order No. 4410 authorizes and directs the respondent to pay from available funds on or before December 31, 1954, to holders of the outstanding First and Refunding Mortgage Bonds of the Missouri Pacific Railroad Company all interest thereon due and unpaid December 31, 1954, amounting to $62,627,388.
 
 
 8
 The petitioners argue that the District Court abused its discretion in entering the order appealed from. The respondent and those opposing the motion of petitioners contend generally that the petitioners are without standing to ask for a stay or to challenge, by appeal or otherwise, the validity of the order, and that the District Court did not abuse its discretion in entering the order.
 
 
 9
 The petitioners are two of the fifteen members of the Board of Directors of the debtor railroad company. They have no authority to represent the debtor, its Board of Directors, or any defined or determinable group of creditors, stockholders, or others having a right to be heard in the reorganization proceedings in the District Court. That court has denied the petitioners leave to intervene.
 
 
 10
 We are convinced that the petitioners are without standing to ask for a stay of Order No. 4410 or to challenge its validity by appeal. However, since the question of the propriety of the entry of that order has been fully argued and considered, we take the liberty of saying that we regard the petitioners' contention that the District Court abused its discretion in making the order to be without merit. See and compare Missouri Pac. R. Co. 5¼% Secured Serial Bondholders' Committee v. Thompson, 8 Cir., 194 F.2d 799, 802, and cases cited.
 
 
 11
 The motion for a further stay of Order No. 4410 is denied, and the appeal from that order is dismissed. Mandate will issue forthwith.