MISSOURI PACIFIC RAILROAD COM-
PANY 5¼% SECURED SERIAL
BONDHOLDERS' COMMITTEE, Appel-
lant,

v.

Guy A. THOMPSON, Trustee, Missouri
Pacific Railroad Company, Debtor,
et al., Appellees.[1]

Bolton SULLIVAN and Stewart Huston,
Independent Directors of Missouri Pa-
cific Railroad Company, Appellants,

v.

Guy A. THOMPSON, Trustee, Missouri
Pacific Railroad Company, Debtor,
et al., Appellees.

Charles H. ALBERS, Frances M. Blakely,
C. W. Boden, Avery Brundage, John
Katsulos, Margaret L. Kent, Paul E.
Kling, Thomas B. Shearman, James Sul-
livan and Edith Westercamp, Owners of
Certain Shares of New Orleans, Texas
& Mexico Railway Company, Appel-
lants,

v.

Guy A. THOMPSON, Trustee, Missouri
Pacific Railroad Company, Debtor,
et al., Appellees.

Nos. 15335–15337.

United States Court of Appeals
Eighth Circuit.

Sept. 14, 1955.

Rehearing Denied in No. 15336
Oct. 13, 1955.

William H. Biggs, St. Louis, Mo.
(Biggs, Curtis, Biggs & Crossen, St.
Louis, Mo., on the brief), for appellant
in No. 15,335.

Frederick M. Myers, Jr., Pittsfield,
Mass. (Frederick M. Myers, Pittsfield,
Mass., Sam Elson and Salkey & Jones,
St. Louis, Mo., on the brief), for appel-
lants in No. 15,336.

C. Ives Waldo, Jr., Chicago, Ill.
(George S. Roudebush, St. Louis, Mo.,

---

[1] The appellant, Missouri Pacific Railroad
Company 5¼% Secured Serial Bondhold-
ers Committee, should not be confused
with one of the appellees—Protective
Committee for Secured Serial 5¼% Gold
Bonds of the Missouri Pacific Railroad
Company. The appellant is commonly
known as the Cubbins Committee, and the
named appellee as the Smith Committee.

Harry B. Sutter, James J. McClure, Jr., Chicago, Ill., and Jones, Hocker, Gladney & Grand, St. Louis, Mo., and Hopkins, Sutter, Halls, Owen & Mulroy, Chicago, Ill., on the brief), for appellants in No. 15,337.

Oral arguments presented and joint brief filed by certain appellees.

Russell L. Dearmont, St. Louis, Mo. (Thomas T. Railey, St. Louis, Mo., on the brief), for appellees Guy A. Thompson, as Trustee, Missouri Pac. R. Co., and others, Debtors.

DeLancey C. Smith, San Francisco, Cal. (Henry I. Stimson of Hale, Stimson, Russell & Nickerson, New York City, and Forrest P. Tralles, of Tralles, Hoffmeister & Gilpin, St. Louis, Mo., on the brief), for appellee Protective Committee for Secured Serial 5¼% Gold Bonds of Missouri Pac. R. Co., and Certain Stockholders of New Orleans, Texas & Mexico Ry. Co.

Edward F. Colladay, Washington, D. C., and Everett Paul Griffin, St. Louis, Mo. (Colladay & Colladay, Washington, D. C., on the brief), for appellees Edmund Wright, and others as a Protective Committee for First Mortgage Bondholders of International-Great Northern R. Co.

Hugh L. M. Cole, New York City (William G. Pettus, Jr., of Shepley, Kroeger, Fisse & Shepley, St. Louis, Mo., and Milbank, Tweed, Hope & Hadley, New York City, on the brief), for appellee City Bank Farmers Trust Co., as Successor Trustee under International-Great Northern R. Co. First Mortgage.

John L. J. Hart, Denver, Colo. (Holland & Hart, Denver, Colo., on the brief), for appellee Alleghany Corp.

Clair B. Hughes and Allan S. Kuller, of Chadbourne, Parke, Whiteside, Wolff & Brophy, New York City, on the brief for appellee Manufacturers Trust Co., as Corporate Trustee under the First and Refunding Mortgage of Missouri Pac. R. Co.

Percival E. Jackson and Theodore N. Tarlau, New York City, on the brief for appellees, Percival E. Jackson, and others, as Holders of Missouri Pac. R. Co. First and Refunding Mortgage Bonds.

David M. Potts, of Kadel, Wilson & Potts, New York City, on the brief for appellee Empire Trust Co., as Successor Trustee under Missouri Pac. General Mortgage.

Douglas B. Steimle, of Shearman & Sterling & Wright, New York City, on the brief for appellee, Bondholders Protective Committee for Missouri Pacific R. Co. General Mortgage Bonds.

Robert H. McRoberts and Thomas S. McPheeters, Jr., of Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., on the brief for appellees, St. Louis Union Trust Co., Trustee, and Roland C. Behrens, and others, as a Bondholders Protective Committee for Little Rock & Hot Springs Western R. Co. First Mortgage Bonds.

Harold C. McCollom, of Davies, Hardy & Schenck, New York City, and G. Carroll Stribling, of Fordyce, Mayne, Hartman, Renard & Stribling, St. Louis, Mo., on the brief for appellee, Irving Trust Co. as Trustee under New Orleans, Texas & Mexico Ry. Co. First Mortgage dated April 1, 1924.

Leonard D. Adkins, of Cravath, Swaine & Moore, New York City, and S. Mayner Wallace, St. Louis, Mo., on the brief for appellees, Savings Banks Trust Co. as Holder of New Orleans, Texas & Mexico Ry. Co. First Mortgage Bonds.

John M. MacGregor, New York City, on the brief for appellee, Protective Committee for Holders of Preferred Stock of Missouri Pac. R. Co.

Walter H. Brown, Jr., and Allen F. Conwill, of Willkie, Owen, Farr, Gallagher & Walton, New York City, on the brief for appellee, The New York Trust Co., as Trustee under the International-Great Northern Railroad Co. Adjustment Mortgage dated July 1, 1922.

Felix A. Fishman and Lyonel E. Zunz, of Moses & Singer, New York City, on the brief for appellee Oscar Gruss & Son, as Holder of International-Great Northern R. Co. Adjustment Mortgage Bonds.

Abraham K. Weber, New York City, on the brief for appellees, Carl Rosenberger, and others as Holders of International-Great Northern R. Co. Adjustment Mortgage Bonds.

Eldon S. Olson, Washington D. C. (Burton K. Wheeler and Edward K. Wheeler, of Wheeler & Wheeler, Washington, D. C., and Allen L. Oliver and Jack L. Oliver, of Oliver & Oliver, Cape Girardeau, Mo., on the brief), for appellee, Missouri Pac. R. Co., debtor.

Emmet McCaffery, New York City (Emmet T. Carter, of Carter, Bull & Baer, St. Louis, Mo., and Dorr & Hand, New York City, on the brief), for appellee, Chemical Corn Exchange Bank, as Trustee under the Indenture Securing the Missouri Pac. Secured Serial Bonds.

William P. Palmer and James I. Wyer, of Dewey, Ballantine, Bushby, Palmer & Wood, New York City, filed brief for appellee, Bankers Trust Co., as Successor Trustee for the 5½% Convertible Gold Bonds of Missouri Pac. R. Co.

Before SANBORN, WOODROUGH and VAN OOSTERHOUT, Circuit Judges.

WOODROUGH, Circuit Judge.

On February 25, 1955 Judge Moore entered final orders in the proceedings under Section 77 of the Bankruptcy Act, 11 U.S.C.A. § 205, entitled "In the Matter of Missouri Pacific Railroad, Debtor" approving the fourth Plan of Reorganization submitted to the Court by the Interstate Commerce Commission. The Orders were accompanied by the Court's Memorandum Opinion, In re Missouri Pac. R. Co., D.C., 129 F.Supp. 392, and Findings of Fact and Conclusions of Law and all objections to the plan and all claims for equitable relief other than provided in it were overruled and denied. The details of the plan as approved appear in Volume LXIV of the Missouri Pacific Reorganization Proceedings. The distribution of cash and new securities under the plan is in accordance with the Commission's "Appendix J" which is published with Judge Moore's Memorandum Opinion. The opinion includes an account by statement and reference of the proceedings and adjudications that have been had in the Matter since its initiation in 1933.

The record in the appeals shows that on January 8, 1954 the court entered an order which authorized Guy A. Thompson, Trustee of the Debtor Companies, to cooperate with the parties in the proceedings to aid them to compose differences with respect to a plan of reorganization and on February 18, 1954 Commissioner Richard F. Mitchell expressed the hope in connection with a supplemental report in the proceedings that "settlement satisfactory to the parties can be effected." Thereafter, following conferences and negotiations (fully reported), the Trustee, in a petition to the Commission, presented to it stipulations signed by nearly all of the major parties in interest to the reorganization proceedings approving and agreeing to support what was described and referred to therein as an "Agreed System Plan". This plan modified in certain respects the plan approved by the Examiners in their Proposed Report of February 17, 1954, which was a modification of the Commission's 1949 modified plan. The Trustee's petition and the stipulations were filed with the Commission on May 12, 1954 and the modified Plan of Reorganization contained therein was approved by the Commission and filed with the District Court on November 12, 1954. The court approved plan before us is the "Agreed System Plan" also referred to as the 1954 Plan.

The designation "Agreed Plan" is not a misnomer. No other plan of reorganization in this matter has received the support of such vast preponderance of affected interests as is shown by the stipulations that were signed and submitted and holders of securities amounting to many millions of dollars who opposed the earlier plans are now agreeing to and approving this one. The holdings of those who are still opposing the approved plan probably do not equal one third of one per cent of the market values in-

volved in the case. If regard is had to the numbers of parties in interest, the contrast is much greater. Prior to the hearings in the District Court for approval of the plan, objections and claims for equitable treatment were filed by eight groups, but only three appeals, Nos. 15,335, 15,336, 15,337, have been taken to this court from the judgment approving the plan.

■ The appeal in Number 15,336 was taken by Bolton Sullivan and Stewart Huston, so-called "Independent Directors of Missouri Pacific Railroad Company." They filed objections and claims for equitable treatment in the District Court and were permitted to participate in the hearing subject to the objection that they have no authority to represent the debtor, its Board of Directors, or any defined or determinable group of creditors, stockholders or others having a right to be heard. At the conclusion of the hearing, the District Court sustained the objection to the participation of these appellants in the proceedings and cited our decision in Huston v. Thompson, Trustee, 8 Cir., 217 F.2d 308. In that case we held that these appellants lacked power of representation exactly as stated in the objection. They have no authority to represent "any party in interest" within the intendment of Section 77, sub. e, or to represent "any * * * interested party" within Section 77, sub. c (13). They are bound by the action of the Board of Directors of Missouri Pacific approving the plan. The court did not err in sustaining the objection against their participation and in refusing to consider their opposition to the plan. Although we heard oral argument for them and have studied their brief, we direct that their appeal be dismissed.

The appeal in Number 15,335 is taken in the name "Missouri Pacific Railroad Company 5¼% Secured Serial Bond Holders' Committee" which filed its objections to the Plan of Reorganization in the District Court on December 3, 1954. It alleged that it had been authorized to act in behalf of said bonds by Order of the Interstate Commerce Commission entered in the Matter of the Missouri Pacific Railroad Company on October 15, 1947 and it set forth forty five grounds of objection. But on its present appeal, it has relied in its brief and oral argument upon the single point that "The present Agreed System Plan is illegal because there has been no compliance with the provisions of Section 5 of the Interstate Commerce Act [49 U.S.C. A. § 5]" and it has cited only St. Joe Paper Company v. Atlantic Coast Line Company, 347 U.S. 298, 74 S.Ct. 574, 98 L.Ed. 710 and the statutes. The amount of the bonds represented by the appellant is not definitely shown but the 5¼% Secured Bond issue is recorded under indenture in the name of the Chemical Corn Exchange Bank and the bank approves the plan. Mr. DeLancey C. Smith, who is authorized to speak for about $5,000,000 of the $10,425,000 issue, does likewise.

■ The third appeal numbered 15,337 is prosecuted by Charles H. Albers and nine other individuals who are found by the District Court to be holders of capital stock of the New Orleans, Texas and Mexico Railway. It was shown that they hold about 6,140 shares or slightly in excess of four per cent of the outstanding shares of such stock which was acquired by them between 1945 and 1953 during which period the open market price averaged less than a hundred dollars a share according to Moody's Financial Service. The Chemical Corn Exchange Bank is the record owner of 121,460 shares or more than 81% and Guy A. Thompson as trustee of the Missouri Pacific, Debtor, holds 12% or 18,271 shares of the total share issue. The Bank and Thompson approve the plan.

The group as now constituted first appeared in the proceedings on September 28, 1954 petitioning for modification of the Commission's 7th Supplemental Report and Order and none of the group filed any exceptions to the Examiner's proposed report of February 17, 1954. They offered no material testimony at the hearing in District Court to show

that the plan they oppose will damage their interests and left the finding of the court to the contrary to rest on uncontradicted testimony and they rely here, as they did in District Court, on legal argument to establish that they have been materially prejudiced by the Orders appealed from. That they have a technical right to prosecute an appeal is not disputed.[1]

█ All appellants contend in this court, as they did before the Commission and in the District Court, that the Commission lacked power to approve and certify to the court a plan providing, as does the presently approved plan, for the merger of the Debtor Companies. The 1949 Plan submitted to the District Court embodied the same merger of the debtors and the same objection was urged against it before the District Court and on appeal to this court. The District Court In re Missouri Pac. R. Co., D.C., 93 F.Supp. 832, overruled the objection and this court on full consideration affirmed. State of Texas v. Group of Institutional Investors, 191 F. 2d 265. Petitions for certiorari were duly presented to the Supreme Court to review the decision of this court in which our ruling on the objection was assigned as error. It was argued at length in support of a petition for certiorari that "The Commission had no power to impose the consolidation" and that "the requirements of Section 5 of the Transportation Act were consciously ignored by the Commission." The Supreme Court denied certiorari, Missouri Pac. R. Co. v. Group of Institutional Investors, 343 U.S. 929, 72 S.Ct. 757, 96 L.Ed. 1339, and a memorandum in connection with the denial by Mr. Justice Frankfurter is reported at 343 U.S. 982, 72 S.Ct. 1018, 96 L.Ed. 1372. The memorandum makes direct reference to the fact that "The Commission's plan also eliminates existing corporations and directs financial power into new channels."

The main reliance of the appellants to support the contention that the merger embodied in the plan herein is illegal is upon expressions appearing in the opinion of the Supreme Court in St. Joe Paper Co. v. Atlantic Coast Line R. Co., 347 U.S. 298, 74 S.Ct. 574, 98 L.Ed. 710. The opinion in that case was also written for the court by Mr. Justice Frankfurter and therefore may be read in the light of his acquaintance with what he referred to as the "long drawn out Missouri Pacific reorganization." When so read, the opinion in the St. Joe case does not support the contentions of the opponents of this plan. On full consideration we conclude that Judge Moore has fairly set forth in his opinion the facts relative to the appellants contentions concerning merger, the applicable law, the proper analysis and relevant import of the St. Joe case and has fully supported his conclusions that the report of the Commission should be approved as to the merger provisions embodied in it.

█ The other main contention that was urged in the District Court on behalf of the appellants in No. 15,337 and is repeated by it here is that the treatment accorded the common stock of the New Orleans, Texas and Mexico Railway is unfair and inequitable and that the Commission failed to apply applicable legal standards to it. The same contentions were urged by holders of the same stock against the 1949 plan. They were overruled by the District Court and the ruling was affirmed here. The contentions were presented to the Supreme Court in petitions for certiorari duly filed and the writ was denied. The present plan accords more favorable treatment to this stock than prior plans and the findings of the Commission in respect to it are amply supported. On full consideration of the record, briefs and argument, this court is in accord with the approval of the District Court of the findings and conclusions of the Commission

1. The Commission has certified that in the vote taken for acceptance or rejection of the Plan by the Commission since the orders appealed from herein were entered, the Plan is approved by overwhelming majority by both the stock and creditor interests in the Debtor Companies.

in respect to the treatment accorded by the present plan to the NOT&M stock.

In view of the extended reasoned reports of the Commission fully covering the points of appellants here, and the carefully prepared opinion of the District Court which meets and disposes of the contentions of appellants, and of our own discussion of the same issues concerning NOT&M stock on the former appeal, 191 F.2d 265, no good purpose could be served by further repetitious discussions of details. Our study of the record, briefs and arguments has not disclosed error on the part of the District Court. We adopt the Memorandum Opinion of the District Court as correctly disposing of the issues and fully supporting the Orders complained of.

Said Orders appealed from in Nos. 15,335 and 15,337 are in all respects affirmed.