## 102

In the Matter of MISSOURI PACIFIC RAILROAD COMPANY, Debtor.

In Proceedings for the Reorganization of a Railroad.

No. 6935.

United States District Court
E. D. Missouri, E. D.
Sept. 19, 1955.
Judgment Affirmed Feb. 28, 1956.

Russell L. Dearmont and Thomas T. Railey, St. Louis, Mo., for Guy A. Thompson, Trustee, Missouri Pacific R. Co. and all other Debtor Companies.

Burton K. Wheeler and Edward K. Wheeler, Washington, D. C., and Oliver & Oliver, Cape Girardeau, Mo. (Wheeler & Wheeler, Washington, D. C., of counsel), for Missouri Pacific R. Co., Debtor.

John L. J. Hart, Denver, Colo. (Holland & Hart, Denver, Colo., of counsel), for Alleghany Corp.

Percival E. Jackson, New York City (Theodore N. Tarlau and Joseph J. Bryer, New York City, of counsel), for Group of Holders of First and Refunding Mortgage Bonds of Missouri Pacific R. Co.

DeLancey C. Smith, San Francisco, Cal., Henry I. Stimson, New York City (Tralles, Hoffmeister & Gilpin, St. Louis, Mo., and Hale, Stimson, Russell & Nickerson, New York City, of counsel), for Protective Committee of 5¼% Secured Serial Gold Bonds of Missouri Pacific R. Co. and Certain Stockholders of New Orleans, T. & M. Ry. Co.

Abraham K. Weber, New York City, for Carl Rosenberger, and others, Holders of International-Great Northern Railroad Adjustment Mortgage Bonds.

Charles W. McConaughy, New York City, and Jacob Chasnoff, St. Louis, Mo. (Cadwalader, Wickersham & Taft, New York City, and Lowenhaupt, Mattingly, Chasnoff & Stolar, St. Louis, Mo., of counsel), for Group of Institutional Investors Holding First and Refunding Mortgage 5% Bonds of Missouri Pacific R. Co.

W. Hugh Peal and Allan Kuller (Chadbourne, Parke, Whiteside, Wolff & Brophy, New York City), for Manufacturers Trust Co., Trustee, Missouri Pacific Railroad First and Refunding Mortgage.

James I. Wyer (Ballantine, Bushby, Palmer & Wood), New York City, for Bankers Trust Co., Trustee, Missouri Pacific 5½% Convertible Bonds.

Emmet McCaffery (Dorr & Hand), New York City, for Chemical Corn Ex-

change Bank, Trustee under Indenture Securing Missouri Pacific 5¼% Secured Serial Bonds.

Hugh L. M. Cole (Milbank, Tweed, Hope & Hadley), New York City, and Wm. G. Pettus, Jr. (Shepley, Kroeger, Fisse & Shepley), St. Louis Mo., for City Bank Farmers Trust Co., Trustee under International-Great Northern First Mortgage.

Moses & Singer, New York City, for (Felix Fishman and Lyonel E. Zunz, New York City, of counsel), for Oscar Gruss & Son, as Holders of International-Great Northern Railroad Adjustment Mortgage Bonds.

Edward F. Colladay (Colladay & Colladay), Washington, D. C., and Everett Paul Griffin, St. Louis, Mo., for Protective Committee of First Mortgage Bonds of the International-Great Northern R. Co.

William H. Biggs, St. Louis, Mo., for Missouri Pacific 5¼% Secured Serial Gold Bonds Committee.

Frederick M. Myers, Jr., and L. George Reder, Pittsfield, Mass., on behalf of Independent Directors, Missouri P. R. Co.

S. Mayner Wallace, St. Louis, Mo. (Leonard D. Adkins, New York City), for Savings Banks Trust Co., Holder of New Orleans, T. & M. Ry. Co. First Mortgage Bonds.

Wm. C. Connett, IV (Bryan, Cave, McPheeters & McRoberts), St. Louis, Mo., for St. Louis Union Trust Co., Trustee, and Roland C. Behrens, and others, as a Bondholders Protective Committee for Little Rock & Hot Springs Western Bonds.

James J. Lewis, Alfred B. Teton, Grant G. Guthrie, Chicago, Ill., for Protective Committee for Holders of Common Stock of the Missouri Pacific R. Co., and Froelich, Grossman, Teton & Tabin, Chicago, Ill., of counsel, for said Committee.

Jones, Hocker, Gladney & Grand and George S. Roudebush, St. Louis, Mo., and Hopkins, Sutter, Halls, Owen & Mulroy, and Harry B. Sutter, C. Ives Waldo, Jr. and James J. McClure, Jr., Chicago, Ill., of counsel, for Avery Brundage, and others, Stockholders of New Orleans, T. & M. Ry. Co.

(Walter H. Brown, Jr.), Willkie, Owen, Farr, Gallagher & Walton, New York City, for the New York Trust Co.

MOORE, Chief Judge.

Pursuant to the order of this Court entered July 5, 1955, these proceedings came on to be heard on July 21, 1955, on the question of confirming a plan of reorganization (sometimes called the "Agreed-System Plan") for the three principal debtors, the Missouri Pacific Railroad Company, the New Orleans, Texas & Mexico Railway Company, and the International-Great Northern Railroad Company, and their subsidiary debtors, approved by the Interstate Commerce Commission (hereinafter called the Commission) in its Report of November, 1954, and approved by order of this Court entered February 25, 1955. At the hearing there were received in evidence, among other things, a certificate of the Commission dated July 5, 1955, and various other data transmitted by the Commission with respect to the submission of the plan to creditors for acceptance or rejection. Various parties presented arguments in support of and in opposition to confirmation of the plan.

The Court has considered the various arguments in support of and in opposition to confirmation of the plan, and has concluded that the plan should be confirmed. Appropriate Findings of Fact, Conclusions of Law, and Order of Confirmation are being filed herewith. There remains only to explain in this opinion the reasons for overruling the various objections to confirmation of the plan.

All but two of the objections are virtually the same as the objections presented at the hearing on approval of the plan. These objections are considered in detail in the Opinion filed with the order approving the plan. There is no need for further comment on these objections at this time; it is sufficient to observe

that the Court has reconsidered these objections and adheres to its views previously expressed. In adhering to these views, the Court is reassured by the decision of the Court of Appeals, Missouri Pacific R. Co. 5¼% Secured Serial Bondholders' Committee v. Thompson, 8 Cir., 225 F.2d 761, affirming this Court's approval of the plan. In re Missouri Pacific R. Co., D.C., 129 F.Supp. 392.

Of the two objections now raised for the first time, the first is that this Court should exercise its discretion to reserve its ruling on confirmation of the plan until after the Court of Appeals has handed down its decision on the various appeals from the order of the plan, and presumably, until after the time has expired for petition for rehearing or certiorari. Apparently the theory of this objection is that to order confirmation would be a futile act if the order of approval should be reversed.

■ In many cases, particularly where time is not of vital importance, the trial court probably should postpone further proceedings until the reviewing courts have finally decided that further proceedings will not be futile. In this case, however, it appears to be of great importance to all concerned that the reorganization proceed as expeditiously as possible. Further, it appears that no substantial harm will be done to any person if this Court proceeds to confirm the plan at this time, for the plan presumably will not be carried out unless and until the reviewing courts have finally upheld the order approving the plan. The delay requested would serve no legitimate interest of any party, and if the order of approval should ultimately be upheld such delay would undesirably postpone reorganization of the debtors. Accordingly, the proper exercise of the judicial discretion vested in this Court requires that this Court proceed to rule upon the question of confirmation forthwith.

The second of the objections now raised for the first time arises out of the votes of the creditors and stockholders to whom the plan was submitted for ac-ceptance or rejection. After the plan was approved by this Court, the plan was submitted by the Commission to the creditors and stockholders to whom such submission was required by Section 77, sub. e of the Bankruptcy Act, 11 U.S.C.A. § 205, sub. e. In all but two of the classes more than two-thirds of those voting accepted the plan. In Class 3 (capital stock of N.O., T. & M. both that publicly held and that pledged under Missouri Pacific 5¼% secured serial bonds) only 59.-17% of those voting voted to accept the plan; in Class 19 (the Missouri Pacific 5¼% secured serial bonds) only 63.-94% of those voting voted to accept the plan. Notwithstanding this lack of acceptance by two-thirds of the vote in each class, Section 77, sub. e provides:

"That, if the plan has not been so accepted by the creditors and stockholders, the judge may nevertheless confirm the plan if he is satisfied and finds, after hearing, that it makes adequate provision for fair and equitable treatment for the interests or claims of those rejecting it; that such rejection is not reasonably justified in the light of the respective rights and interests of those rejecting it and all the relevant facts; and that the plan conforms to the requirements of clauses (1) to (3), inclusive, of the first paragraph of this subsection (e) * * *."

■ Both the Commission and this Court have previously considered at length the question of fair and equitable treatment for the interests or claims which have failed to accept the plan by a two-thirds vote. As no new evidence bearing on this question has been offered at the hearing on confirmation, it would serve no purpose to set forth again in this opinion the details of the evidence. It is sufficient to say that this Court has re-examined the matter and is fully convinced that the treatment accorded to both these classes of interests under the Agreed-System Plan is entirely fair and equitable. In the light of the fair and equitable treatment accorded to these in-

terests, and in the light of the need for such a plan of reorganization, and all the relevant circumstances, the rejection of the plan by these groups is not reasonably justified. This Court has already determined that the plan conforms to the requirements of Clauses (1) to (3), inclusive, of subsection e of Section 77, and the reaffirmation of that conclusion at this time needs no further discussion. Since the Court is satisfied by these facts, and is convinced of the desirability of the Agreed-System Plan, the Court will exercise its discretion to confirm the plan.

With the disposition of these two objections, as well as the other objections previously urged, the Court, in accordance with the Findings of Fact and Conclusions of Law entered herewith, will confirm the Plan.