MISSOURI PACIFIC RAILROAD COM-
PANY 5¼% SECURED SERIAL
BONDHOLDERS' COMMITTEE,[1] Ap-
pellant,

v.

Guy A. THOMPSON, Trustee, Missouri
Pacific Railroad Company, Debtor,
et al., Appellees.

Bolton SULLIVAN and Stewart Huston,
Independent Directors of Missouri Pa-
cific Railroad Company, Appellants,

v.

Guy A. THOMPSON, Trustee, Missouri
Pacific Railroad Company, Debtor,
et al., Appellees.

Charles H. ALBERS, Frances M. Blakely,
C. W. Boden, Avery Brundage, John
Katsulos, Margaret L. Kent, Paul E.
Kling, Thomas B. Shearman, James Sul-
livan and Edith Westercamp, Owners
of Certain Shares of New Orleans, Tex-
as & Mexico Railway Company, Appel-
lants,

v.

Guy A. THOMPSON, Trustee, Missouri
Pacific Railroad Company, Debtor,
et al., Appellees.

Nos. 15471, 15472, 15475.

United States Court of Appeals
Eighth Circuit.

Feb. 28, 1956.

C. Ives Waldo, Jr., Chicago, Ill.
(George S. Roudebush, St. Louis, Mo.,
Harry B. Sutter, James J. McClure, Jr.,
Chicago, Ill., Jones, Hocker, Gladney &
Grand, St. Louis, Mo., Hopkins, Sutter,
Owen, Mulroy & Wentz, Chicago, Ill., on
the brief), for appellants in No. 15,475.

Russell L. Dearmont, St. Louis, Mo.
(Thomas T. Railey, St. Louis, Mo., on
the brief), for appellees, Guy A. Thomp-
son, as trustee, Missouri Pac. R. Co.,
and others, debtors, and in behalf of
other appellees generally.

---

1. The appellant, Missouri Pacific Railroad
Company 5¼% Secured Serial Bond-
holders Committee, should not be con-
fused with one of the appellees—Protec-
tive Committee for Secured Serial 5¼%
Gold Bonds of the Missouri Pacific Rail-
road Company. The appellant is com-
monly known as the Cubbins Committee,
and the named appellee as the Smith
Committee.

Briefs filed on former appeals, Nos. 15,335, 15,336 and 15,337 as reported in 225 F.2d 761, were again submitted to the Court in the instant appeals.

Before GARDNER, Chief Judge, and WOODROUGH and VAN OOSTERHOUT, Circuit Judges.

WOODROUGH, Circuit Judge.

After the Plan of Reorganization (sometimes called the Agreed System Plan) for the three principal debtors and their subsidiary debtors herein was approved by the Order of Judge Moore on February 25, 1955, 129 F.Supp. 392, the Interstate Commerce Commission submitted the Plan for acceptance or rejection by creditors and stockholders voting by classes in accordance with Section 77, sub. e of the Bankruptcy Act, 11 U.S.C.A. § 205, sub. e and two classes of security holders, namely Class 3 and Class 19, failed to accept it by a vote of more than two-thirds of those voting as required by the section. Class 3 consisted of slightly over 4 per cent of the New Orleans, Texas and Mexico Railway Company capital stock which is outstanding in the hands of the public and shares of that stock pledged to secure Missouri Pacific 5¼% Secured Serial Bonds and Class 19 consisted of the Missouri Pacific 5¼% Secured Serial Bonds.

A hearing was accordingly held by Judge Moore in July, 1955, on the question of confirming the Plan as contemplated by Section 77, sub. e of the Bankruptcy Act. All of the testimony and exhibits accepted in evidence at the prior approval hearing were then before the Court and evidence was adduced showing that no substantial changes in conditions had arisen after the approval to justify withholding confirmation of the Plan. Financial exhibits bringing exhibits offered at the approval hearing down to date were offered and received in evidence and there was additional evidence tending to support the Plan in respect to its treatment of Classes 3 and 19. No testimony was offered on behalf of Class 3 or Class 19.

The Court found that "the Plan makes adequate provision for fair and equitable treatment for the interests or claims of those rejecting it and such rejection is not reasonably justified in the light of the respective rights and interests of those rejecting it and all the relevant facts." 11 U.S.C.A. § 205, sub. e.

The Court also found that "the Plan of Reorganization among other things provides for the merger or consolidation of Debtor Companies. Such a merger or consolidation was voluntarily initiated by Debtor Companies."

In general and detailed findings the Court found that all the requirements of the Act had been complied with and it confirmed the Plan.

These three appeals to obtain reversal of the Order Confirming the Plan are taken by the same parties that appealed to this Court from the Order Approving the Plan, 8 Cir., 225 F.2d 761. After establishing jurisdiction here by duly filing Notices of Appeal, they have entered into stipulations subject to this Court's approval for the purpose of expediting the appeals and the ultimate decision thereof. We find the stipulations to be competent and sufficient for the purposes of the appeal and have received and considered them.

Nos. 15,471 and 15,472

It appears from the stipulations of the parties who prosecute these appeals in Nos. 15,471 and 15,472, and from the Record in these appeals that the issues which they now raise in these two appeals from the Orders Confirming the Plan are the same as those urged by them on their prior appeals from the Orders Approving the Plan, (Nos. 15,335 and 15,336, 225 F.2d 761), and all of the records, evidence, points relied on and contentions of their prior appeals are again presented here in addition to the record of the proceedings upon the Order Confirming the Plan. No new briefs have been filed here by the appellants in these two appeals and they waived oral argument in this Court.

**900**

In No. 15,471 the Record shows that the appellant 5¼% Secured Serial Bondholders' Committee opposed the approval of the Plan in the District Court on many specified grounds but on the appeal from the Approval to this Court (No. 15,335), the appellant "relied in its brief and oral argument upon the single point that 'The present Agreed System Plan is illegal because there has been no compliance with the provisions of Section 5 of the Interstate Commerce Act (49 U.S.C.A. § 5)' * * *." 225 F.2d 761, loc. cit. 764.

■ That point received full consideration by the Commission, the District Court, 129 F.Supp. 392, this Court, 225 F.2d 761, and on application for certiorari by the Supreme Court. Albers v. Thompson, certiorari denied, 76 S.Ct. 347, January 31, 1956. We consider it again as it is again presented on this appeal and on appeal No. 15,475, hereinafter discussed, and hold as we did in No. 15,335 that Judge Moore has fully supported his conclusions that the Plan should be confirmed as to the merger provisions embodied in it. The appeal in No. 15,471 therefore affords no ground for reversal of the judgment Confirming the Plan which is appealed from.

■ In No. 15,472 the Record shows that the appellants Bolton Sullivan and Stewart Huston, so-called "Independent Directors of Missouri Pacific Railroad Company", were permitted to participate in the hearing on the approval of the Plan subject to the objection that "they have no authority to represent the Debtor, its Board of Directors or any defined or determinable group of creditors, stockholders or others having a right to be heard." On the appeal in No. 15,336 we held, 225 F.2d 761, loc. cit. 764, that these appellants "have no authority to represent 'any party in interest' within the intendment of Section 77, sub. e, or to represent 'any * * * interested party' within Section 77, sub. e (13)" and we directed "that their appeal be dismissed." On reconsidering the same matter here, we reach the same conclusion and direct that this appeal, No. 15,472, be dismissed.

## No. 15,475

■ In No. 15,475 the appellants, owners of certain shares of stock of New Orleans, Texas and Mexico Railway Company, have also entered into a stipulation whereby their objections to the Approval of the Plan as well as their objections to the Confirmation of it, and all of the proceedings relative to both sets of objections and both judgments have been brought up. They have filed a new brief and assign as their point for reversal that the Plan does not make adequate provision for fair and equitable treatment of appellants and that their rejection of the Plan was justified. They also resubmit the prior briefs which they submitted to this Court on their appeal from the Order of Approval of the Plan (No. 15,337). Their position and contentions against Confirmation of the Plan have also been presented to this Court by their counsel in oral argument.

We have not failed to notice the contentions of these appellants that under the particular provisions of Section 77, sub. e of the Bankruptcy Act, the former decision of this Court affirming the District Court's Approval of the Plan does not control or do away with the necessity of a hearing and decision upon that Court's Confirmation of the Plan. The Order of Approval was entered on February 25, 1955. It does not necessarily follow that treatment which was fair and equitable on the earlier date was equally so at the later time in July, 1955, when confirmation was in issue.

But the record shows that the question of the value of the stock owned by these appellants and the treatment that should be accorded them in the reorganization has been completely and profoundly studied and expert, informed opinion fully supports the finding of the District Court that the valuation ascribed to it for reorganization purposes in the Plan and the means of compensation

included in the Plan are fair and equitable. Though they had full opportunity to do so, the appellants offered no testimony either on the hearing to Approve or on the later hearing to Confirm the Plan that their stock had any greater value or that it should receive any other or better treatment than has been accorded it. On full consideration and re-consideration, we are satisfied that the action of the Commission in respect to the securities of these appellants was based on competent and substantial evidence and that there was no error as respects these appellants in the Order of the District Court Confirming the Plan.

The opinion No. 4590, Order No. 4590–A and "Order, Judgment and Decree" of the District Court filed September 19, 1955, appealed from in 15,471 and 15,475 are accordingly, affirmed.