248 F.2d 177
 Frederick M. MYERS, Jr., and Lucien Hilmer, Appellants,
v.
MISSOURI PACIFIC RAILROAD COMPANY, Appellee.
 No. 15739.
 United States Court of Appeals Eighth Circuit.
 Oct. 4, 1957.
 
 Frederick M. Myers, Jr., Pittsfield, Mass. (Frederick M. Myers, Pittsfield, Mass., Salkey & Jones and Sam Elson, St. Louis, Mo., on the brief), for appellants.
 Harold L. Harvey, St. Louis, Mo. (George W. Holmes, St. Louis, Mo., on the brief), for appellee.
 Before SANBORN, WOODROUGH and VAN OOSTERHOUT, Circuit Judges.
 SANBORN, Circuit Judge.
 
 
 1
 This is an appeal from an order entered by the Honorable George H. Moore, United States District Judge for the Eastern District of Missouri, on November 13, 1956, in the proceeding for the reorganization of the Missouri Pacific Railroad Company, Debtor, denying the appellants' petitions for allowances out of the debtor's estate for expenses incurred and for legal services rendered by them as counsel for two members of the fifteen-member Board of Directors of the debtor, the two being called 'Independent Directors.' This Court has jurisdiction of this appeal by virtue of paragraph (12) of 205, sub. c, Title 11 U.S.C.A.
 
 
 2
 The challenged order was based upon two grounds: (1) that the 'Independent Directors,' who were the appellants' clients, were not 'parties in interest' within the meaning of paragraph (12) of 205, sub. c, Title 11 U.S.C.A.; and (2) that the record in the reorganization proceeding discloses that they contributed nothing by way of benefit to a plan of reorganization.
 
 
 3
 The Interstate Commerce Commission, in conformity with paragraph (12) of 205, sub. c, Title 11 U.S.C.A., after a hearing upon various applications for allowances for services and expenses in connection with the reorganization proceeding and the final plan of reorganization, made its report of July 31, 1956, fixing 'the maximum allowances which may be allowed by the court * * *,' as required by that paragraph. In the report, which was filed in the District Court on August 24, 1956, the Commission, after describing the expenses incurred by the 'Independent Directors' for which they sought reimbursement, said:
 
 
 4
 'At the hearing and on brief, debtors' trustee contended that the independent directors were without standing either to intervene or to appear in the proceeding in their capacity as directors of the debtor, and that to the extent that they have appeared they must bear the responsibility and expense of their activities. He referred to the per curiam opinion of the court of appeals of December 10, 1954, in Huston v. Thompson, 8 Cir., 217 F.2d 308, 309, where, in dismissing the motion of the independent directors for a further stay of the district court's order authorizing payment of interest and their appeal from that order, the court said:
 
 
 5
 'The petitioners are two of the fifteen members of the Board of Directors of the debtor railroad company. They have no authority to represent the debtor, its Board of Directors, or any defined or determinable group of creditors, stockholders, or others having a right to be heard in the reorganization proceedings in the District Court. That court has denied the petitioners leave to intervene.
 
 
 6
 'We are convinced that the petitioners are without standing to ask for a stay of Order No. 4410 or to challenge its validity by appeal.'
 
 
 7
 'Our report and order of February 12, 1951, fixed maximum limits of allowances for the independent directors and their counsel, and allowances in the maximum amounts fixed were approved by the district court.
 
 
 8
 'We do not consider it necessary that we pass upon the issue now raised as to the legal right of the independent directors and their counsel to receive allowances from the debtors' estates. This is a matter which properly may be raised before the district court. In event the court agrees with the position of the trustee's counsel, no harm will have been done by our fixing maximum limits; on the other hand, if the court takes a contrary position, such action by us will avoid delay in final disposition of the matter.'
 
 
 9
 The maximum fee and expense allowances for the appellants as counsel for the 'Independent Directors' were fixed by the Commission at $15,140.00 for Lucien Hilmer and at $8,406.35 for Frederick M. Yers, Jr. That clearly meant that if the Judge should determine that the appellants were eligible to receive allowances, he might, 'within such maximum limits,' make them such allowances for services and expenses as he considered reasonable. Reconstruction Finance Corp. v. Bankers Trust Co., 318 U.S. 163, 167, 63 S.Ct. 515, 87 L.Ed. 680.
 
 
 10
 This Court, as was pointed out in the report of the Commission, held in 1954 in the case of Huston v. Thompson, 217 F.2d 308, that the 'Independent Directors' were without standing to challenge an order for the payment of interest on the First and Refunding Mortgage Bonds of the Missouri Pacific.
 
 
 11
 In Missouri Pacific R. Co. 5 1/4% Secured Serial Bondholders' Committee v. Thompson, 8 Cir., 225 F.2d 761, 764, this Court in 1955 ruled, in effect, that the 'Independent Directors' were not 'parties in interest,' and dismissed their appeal from the order of the District Court approving the fourth Plan of Reorganization submitted to the court by the Interstate Commerce Commission. We said in that case, with reference to the 'Independent Directors':
 
 
 12
 'The appeal in Number 15,336 was taken by Bolton Sullivan and Stewart Huston, so-called 'Independent Directors of Missouri Pacific Railroad Company.' They filed objections and claims for equitable treatment in the District Court and were permitted to participate in the hearing subject to the objection that they have no authority to represent the debtor, its Board of Directors, or any defined or determinable group of creditors, stockholders or others having a right to be heard. At the conclusion of the hearing, the District Court sustained the objection to the participation of these appellants in the proceedings and cited our decision in Huston v. Thompson, 8 Cir., 217 F.2d 308. In that case we held that these appellants lacked power of representation exactly as stated in the objection. They have no authority to represent 'any party in interest' within the intendment of Section 77, sub. e (of the Bankruptcy Act; 11 U.S.C.A. 205), or to represent 'any * * * interested party' within Section 77, sub. c (13). They are bound by the action of the Board of Directors of Missouri Pacific approving the plan. The court did not err in sustaining the objection against their participation and in refusing to consider their opposition to the plan. Although we heard oral argument for them and have studied their brief, we direct that their appeal be dismissed.'
 
 
 13
 In 1956 in Missouri Pacific R. Co., 5 1/4% Secured Serial Bondholders' Committee v. Thompson, 8 Cir., 229 F.2d 898, this Court again held that the 'Independent Directors' were not parties in interest who could appeal from the order confirming the plan of reorganization. In that case we said (at page 900 of 229 F.2d):
 
 
 14
 'In No. 15,472 the Record shows that the appellants Bolton Sullivan and Stewart Huston, so-called 'Independent Directors of Missouri Pacific Railroad Company', were permitted to participate in the hearing on the approval of the Plan subject to the objection that 'they have no authority to represent the Debtor, its Board of Directors or any defined or determinable group of creditors, stockholders or others having a right to be heard.' On the appeal in No. 15,336 we held, 225 F.2d 761, loc. cit. 764, that these appellants 'have no authority to represent 'any party in interest' within the intendment of Section 77, sub. e, or to represent 'any * * * interested party' within Section 77, sub. c (13)' and we directed 'that their appeal be dismissed.' On reconsidering the same matter here, we reach the same conclusion and direct that this appeal, No. 15,472, be dismissed.'
 
 
 15
 The appellants argue that what we have in the past held to be the status, or rather lack of status, of the 'Independent Directors' does not preclude us from reversing the order of Judge Moore denying the appellants compensation for services rendered to the Interstate Commerce Commission and which they contend it has recognized as being compensable out of the debtor's estate. The difficulty we have with this argument is that paragraph (12) of 205, sub. c, Title 11 U.S.C.A., provides as follows:
 
 
 16
 '(12) Within such maximum limits as are fixed by the Commission, the judge may make an allowance, to be paid out of the debtor's estate, for the actual and reasonable expenses (including reasonable attorney's fees) incurred in connection with the proceedings and plan by parties in interest and by reorganization managers and committees or other representatives of creditors and stockholders, and within such limits may make an allowance to be paid out of the debtor's estate for the actual and reasonable expenses incurred in connection with the proceedings and plan and reasonable compensation for services in connection therewith by trustees under indentures, depositaries and such assistants as the Commission with the approval of the judge may especially employ. * * *'
 
 
 17
 This Court has, in effect, ruled that the 'Independent Directors' were not 'parties in interest' within the meaning of paragraph (12). Under that paragraph, a judge may make an allowance 'to be paid out of the debtor's estate' for expenses incurred only by 'parties in interest' or others specifically designated in paragraph (12). The question whether the 'Independent Directors' were eligible for allowances either as 'parties in interest' or as 'representatives of creditors and stockholders' was, in our opinion, a question of law for the court, and not a question of fact or of administrative expertness for the Commission. Reconstruction Finance Corp. v. Bankers Trust Co., supra, at page 170 of 318 U.S. at page 519 of 63 S.Ct. We are satisfied that under paragraph (12) and the decisions of this Court, Judge Moore was justified in deciding that the appellants were ineligible for allowances, despite the fact that the 'Independent Directors' had obtained leave of the Commission to intervene before it.
 
 
 18
 In view of this conclusion, we find it unnecessary to consider whether and to what extent the services rendered by the appellants would have been compensable out of the debtor's estate had the 'Independent Directors' been determined to be eligible for allowances.
 
 
 19
 The order appealed from is affirmed.