**In the Matter of BOSTON AND MAINE CORPORATION, Debtor.**

**No. 70–250–M.**

United States District Court, D. Massachusetts.

Nov. 3, 1982.

See also D.C., 46 B.R. 930 and D.C., 46 B.R. 960.

Charles H. White, Jr., Arnall, Golden & Gregory, Washington, D.C., for Canadian Pacific Ltd.

Joseph F. Ryan, Lyne, Woodworth & Evarts, Boston, Mass., and John L. Richardson, Verner, Liipfert, Bernhard & McPherson, Washington, D.C., for Providence and Worcester R. Co.

Charles W. Mulcahy, Jr., Boston, Mass., for trustees of the debtor.

James E. Howard and Kathleen D. Hendrickson, Kirkpatrick, Lockhart, Johnson & Hutchinson, Pittsburgh, Pa., for Guilford Transp. Industries, Inc.

Joseph H.B. Edwards, Bingham, Dana & Gould, Boston, Mass., for first mortgage trustees.

Joseph D.S. Hinkley and Linda D. Chase, Peabody & Arnold, Boston, Mass., for second mortgage trustees.

G. Joseph King, Federal R.R. Admin., U.S. Dept. of Transp., and John J. McCarthy, Jr., Interstate Commerce Com'n, Washington, D.C., for the U.S.

## MEMORANDUM AND ORDER DENYING THE MOTION TO DEFER DECISION ON THE QUESTION OF APPROVAL OF THE TRUSTEES' AMENDED PLAN OF REORGANIZATION

FRANK J. MURRAY, Senior District Judge.

The Canadian Pacific Ltd. ("CP") has moved this court to defer decision on the question of approval of the Trustees' Amended Plan of Reorganization until such time as the Court of Appeals for the District of Columbia has reached a decision on certain petitions [1] for review which are pending in that court.

Although the specific issues under appellate review were never fully represented to this court, nevertheless, CP did argue that the gravamen of the petitioners' claims lies in their contention that the Interstate Commerce Commission ("ICC"), in the procedures it followed in reaching its decision to certify the Amended Plan of Reorganization and to approve the Control Application of Guilford Transportation Industries, Inc. ("GTI"),[2] violated both (1) the constitutionally mandated standard of uniformity with respect to performance of its (ICC's) proper functions under railroad bankruptcy law, and (2) administrative law requirements for consistency in applying articulated regulatory standards. CP moved that this court defer its decision on the matter of approval of the Amended Plan until such time as the pending appeals have been resolved. CP argued that the pending appeals, in effect,

1. The petitions have been filed by CP (No. 82–1501) and other interested parties; namely, Lamoille Valley Railroad Company (No. 82–1498); Providence & Worcester Railroad Company (No. 82–1523); the State of Vermont (No. 82–1578); and Canadian National Railway Company, Central Vermont Railway, Inc., Grand Trunk Western Railroad Company, and Detroit, Toledo and Ironton Railroad Company (No. 82–1668).

2. Interstate Commerce Commission: Finance Docket No. 29720 (Sub-No. 1), Guilford Transportation Industries, Inc.—Control—Boston and Maine Corporation; Finance Docket No. 26115 (Sub-No. 12), Boston and Maine Corporation—Amended Plan of Reorganization; decided April 23, 1982.

call into question the finality of the ICC's decision approving the Control Application of GTI, which approval is a necessary predicate to the consummation of the Trustees' Amended Plan of Reorganization, and that should this court approve the Plan prior to resolution of the pending appeals, then such approval would amount merely to a "contingent or hypothetical approval".

As a practical matter, any decision by this court to approve or disapprove the Amended Plan of Reorganization must amount to something less than an irreversible step towards the contemplated goals of confirmation and consummation of a plan of reorganization pursuant to 11 U.S.C. § 205. But it does not follow that the court should delay progress of the reorganization proceedings by now deferring its decision.

In moving the court to defer its decision on the question of approval of the Plan, CP expressly noted that it did not intend to challenge the jurisdiction[3] of the court over the matter of such approval. Rather, CP expressly restricted the scope of its motion merely to the matter of the *timing* of the court's decision.

■ It has been established in previous cases that the question whether or not a reorganization court, proceeding under Section 77 of the Bankruptcy Act, should defer, pending the resolution of related appeals, its decisions in regard to a plan of reorganization for an insolvent railroad is a question that lies entirely within the ambit of "judicial discretion". *See, e.g., In the Matter of Missouri Pacific Railroad Company, Debtor,* 135 F.Supp. 102 (E.D.Mo., 1955), *aff'd sub nom. Missouri Pacific Railroad Co., etc. v. Thompson,* 229 F.2d 898 (8th Cir.1956). That decision was handed down by the reorganization court in *Missouri Pacific* at the conclusion of pro-

ceedings on the question of confirming a plan of reorganization for three debtor railroads. During the course of those proceedings, various arguments had been advanced in support of and in opposition to confirmation. Among the arguments in opposition to confirmation was one to the effect that the reorganization court "should exercise its discretion to reserve its ruling on confirmation of the plan until after the Court of Appeals has handed down its decision on the various appeals from the order of the plan, and … until after the time has expired for petition for rehearing or certiorari". 135 F.Supp. at 104.

■ Although the objection addressed by the reorganization court in *Missouri Pacific* arose as an objection to the *confirmation* and not to the *approval* of the plan of reorganization there in question,[4] the issue presented by that objection is substantially the same as the issue presented by the motion of CP.

The reorganization court in *Missouri Pacific* addressed the question before it as a matter of "judicial discretion" and answered it as follows:

> In many cases, particularly where time is not of vital importance, the trial court probably should postpone further proceedings until the reviewing courts have finally decided that further proceedings will not be futile. In this case, however, it appears to be of great importance to all concerned that the reorganization proceed as expeditiously as possible. Further, it appears that no substantial harm will be done to any person if this [c]ourt proceeds to confirm the plan at this time, for the plan presumably will not be carried out unless and until the reviewing courts have finally upheld the order approving the plan. The delay requested

---

**3.** *See* 28 U.S.C. § 2349(a), which provides as follows:

> The court of appeals has jurisdiction of the proceeding on the filing and service of a petition to review. The court of appeals in which the record on review is filed, on the filing, has jurisdiction to vacate stay orders or interlocutory injunctions previously granted by any

court, and has exclusive jurisdiction to make and enter, on the petition, evidence, and proceedings set forth in the record on review, a judgment determining the validity of, and enjoining, setting aside, or suspending, in whole or in part, the order of the agency.

**4.** *See* 11 U.S.C. § 205(e).

would serve no legitimate interest of any party, and if the order of approval should ultimately be upheld such delay would undesirably postpone reorganization of the debtors. Accordingly, the proper exercise of the judicial discretion vested in this [c]ourt requires that this [c]ourt proceed to rule upon the question of confirmation forthwith.

135 F.Supp. at 104.

In the view of the court here, the objection to confirmation paraphrased by the reorganization court in *Missouri Pacific* is, for the purposes of the issue presented, virtually identical to the motion put forward by CP. It is an issue of judicial discretion arising under 11 U.S.C. § 205. While section 205 itself provides no express indication as to how the issue is to be resolved, the considerations to which the reorganization court in *Missouri Pacific* attended in its analysis do go directly to the larger purposes of railroad reorganization proceedings under Section 77 of the Bankruptcy Act.

In the matter here, it is "of great importance" to a number, if not all, of those directly involved in the reorganization of the B & M that resolution of the question of approval of the plan of reorganization proceed "as expeditiously as possible". 135 F.Supp. at 104. Furthermore, there are significant interests of the public militating in favor of a decision by this court to rule expeditiously on the question of approval of the Amended Plan. Moreover, according to the decision of the ICC the reorganization of the B & M contemplated by the Amended Plan holds out the promise of numerous and significant benefits to the public, in respect to transportation service, should the B & M resume operations, on a reorganized basis, in the private sector. *See* ICC Decision[5] at 37; *cf.* Opinion of Vice-Chairman Gilliam (concurring) at 62.

In light of the analysis by the reorganization court in *Missouri Pacific*, which the court hereby adopts, CP's emphasis upon the fact that ultimate approval of GTI's Control Application stands as a necessary predicate of the contemplated reorganiza-tion of the B & M serves as an argument *against* rather than *for* any deferral of a decision by the court on the matter of approval of the Amended Plan.

Moreover, at no point in these proceedings has CP, or any other participant, asserted that any substantial harm would result from expeditious approval of the Amended Plan by the court.

For the foregoing reasons the court adopts the conclusion of the reorganization court in *Missouri Pacific* and applies it in the matter here to conclude that "the proper exercise of the judicial discretion vested in this [c]ourt requires that this [c]ourt proceed ... forthwith" to decide upon the matter of approval of the Amended Plan. *Cf. Old Colony Bondholders v. New York, N.H. & H.R. Co.*, 161 F.2d 413, 423 (2d Cir.), *cert. denied*, 331 U.S. 858, 67 S.Ct. 1754, 91 L.Ed. 1865, *reh'g denied*, 332 U.S. 803, 68 S.Ct. 91, 92 L.Ed. 382 (1947); *Brooks v. St. Louis-San Francisco Ry. Co.*, 153 F.2d 312, 318 (8th Cir.), *cert. denied*, 328 U.S. 867, 66 S.Ct. 1365, 90 L.Ed. 1638, *reh'g denied*, 329 U.S. 820, 67 S.Ct. 29, 91 L.Ed. 698 (1946); *Wright v. Group of Institutional Investors*, 160 F.2d 163, 164 (8th Cir.1947) (quoting *Brooks* at 318).

Accordingly, the motion by CP that this court defer its decision on the question of approval of the Trustees' Amended Plan of Reorganization is hereby denied.